IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONICA LANEE JONES,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA PROPERTIES SAVANNAH, LLC d/b/a Marriott Savannah Riverfront; and CRESTVIEW MANAGEMENT, LLC;<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>1:23-CV-3609-ELR |

**PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted:

Motions in limine will be filed in accordance with the deadlines set by the *Instructions for Cases Assigned to the Honorable Eleanor L. Ross* (Doc. 7, p. 11).

2.

All discovery has been completed, unless otherwise noted; and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall be

permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based upon the following code section: 28 U.S.C. § 1332.

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff**: James W. Howard
The Howard Law Firm, P.C.

**Defendants:** George M. Vinci, Jr., Esq.
Spector Gadon Rosen Vinci P.C.

6.

Normally, the Plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the Plaintiff should not be permitted to open arguments to the jury.

7.

The captioned case shall be tried to a jury.

8.

State whether the parties request that the trial to a jury be bifurcated, *i.e.* that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

Plaintiff and Defendants disagree on whether and how bifurcation is appropriate. Plaintiff contends that liability and damages should be tried together and punitive damages should be tried separately. Defendants contend that liability and damages should be bifurcated here.

**Plaintiff's position on bifurcation**

The district courts strongly disapprove of a routine or general practice of bifurcating specific categories of cases, such as automatically separating liability and damages in all negligence actions. Bifurcation is the exception rather than the rule, and it is not to be routinely ordered. *United States v. Sharfi*, No. 21-CV-14205-MARRA, 2021 U.S.Dist. LEXIS 263704, at *6 (S.D.Fla. 2021); *Brown v. Toscano*, 630 F. Supp. 2d 1342 (S.D.Fla. 2008); *Brown v. Advantage Engineering, Inc.*, 732 F.Supp. 1163, 1170 (N.D.Ga. 1990)

The party moving for bifurcation bears the burden of establishing that separate trials are warranted under the circumstances. The movant must establish "that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Sloan v. Burist*, No. 2:22-CV-76, 2026 U.S.Dist. LEXIS 139300; (S.D.Ga. 2026); *United States v. Sharfi*, No. 21-CV-14205-MARRA, 2021 U.S. Dist. LEXIS 263704, at *6 (S.D.Fla. 2021);*Sharfi, supra,* at *6; *Brown v. Toscano,* 630 F.Supp.2d 1342, 1345 (S.D.Fla. 2008); *In re Evergreen Sec., Ltd.*, 381 B.R. 407, 415 (Bankr. M.D.Fla. 2007).

This case does not meet the criteria for a bifurcated trial on liability and damages awarded to compensate the plaintiff. Plaintiff's evidence on liability and her damages is inextricably intertwined. Plaintiff suffered a substantial portion of her damages while she was being prosecuted for crimes that she did not commit. For example, Plaintiff paid a bail bond fee, hired a criminal defense attorney, was suspended from her job without pay, hired an employment attorney, and suffered the corresponding trauma before the criminal charges were dismissed.

A bifurcation of liability and damages conflicts with the principles of judicial economy and convenience because it would potentially lengthen the trial. The testimony of material witnesses cannot be logically separated between liability and damages. None of the witnesses reside in this judicial district – they primarily reside

in Savannah, Georgia or Michigan. Live witnesses would need to be recalled from another jurisdiction for each segment of the evidence, and evidentiary depositions would need to be awkwardly divided.

Finally, the defendants made no showing of unfair prejudice. Plaintiff did not suffer any dramatic physical injury or outrageous conduct that would impair the judgment of a fair-minded juror. There is no reason to presume that the Plaintiff's damages would affect a jury's judgment on liability. Defendants essentially seek a *trifurcated* trial because a bifurcated trial is already required on punitive damages.

During deliberations, the jury "shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made. This finding shall be made specially through an appropriate form of verdict, along with the other required findings." If the jury decides to award punitive damages," then a bifurcated "trial shall immediately be recommenced in order to receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case." O.C.G.A. § 51-12-5.1(d).

There is simply no reason for the court to deviate from the normal trial procedure. The jury will be able to resolve liability and whether to compensate the

plaintiff during a single deliberation. If damages are awarded, then a bifurcated trial will be appropriate on the issue of punitive damages.

**Defendants' position on bifurcation**

Separate liability and damages phases are warranted here in light of the Rule 42(b) factors. *Beauchamp v. Russell*, 547 F. Supp. 1191, 1199 (N.D. Ga. 1982) ("the court must consider several factors" in deciding whether the bifurcate: "whether separate trials will be conducive to expedition of the litigation and to efficient judicial administration, whether separate trials will avoid prejudice, and whether the issues sought to be tried separately are significantly different.").

Bifurcation will streamline the trial and conserve resources. The core issue on liability for the jury on Plaintiff's sole remaining claim of negligence per se will be whether a hotel employee willfully and knowingly gave a false report of a crime to police. As the Court has noted, this will turn on whose version of what happened the jury believes concerning what took place at the Savannah hotel on the afternoon of Sunday, August 15, 2021. Plaintiff's damages case, in contrast, addresses totally different facts – what she contends happened to her after she returned home to Michigan following her arrest. The documents and testimony to be presented to the jury on liability thus have no overlap with, are completely separable from, the documents and testimony relevant Plaintiff's claim for damages. None of the

witnesses who will testify on liability (Jones, the hotel employees, the police) will offer testimony on Plaintiff's alleged damages (other than Jones); conversely, none of Plaintiff's witnesses who will testify on what Plaintiff claims happened to her as a result of her arrest will testify on liability.

In addition, if the jury finds no liability, this would foreclose the need for trial on damages and save time and resources. This could significantly affect the length of the trial, as Plaintiff's proposed witnesses include roughly twice as many witnesses on damages as on liability; thus, most of the case Plaintiff plans to present at trial will become mooted and unnecessary if there is a jury determination that Defendants are not liable to Plaintiff. Trying liability first may spare the Court and jury a damages phase that may never need to be reached.

Bifurcation is also necessary to avoid prejudice and ensure a fair and impartial determination of liability. Liability here will turn solely on what the hotel employee(s) told the police and their state of mind. The hardships that Plaintiff claims she endured as a result of her arrest are entirely irrelevant to liability, and admitting evidence of Plaintiff's claimed injury would create a substantial risk that the jury resolves the question of liability based, not on its determination of whether a hotel employee made an intentionally false statement to the police, but instead because of sympathy for a school teacher who lost her job. As this Court has noted,

"a paramount consideration in ruling on a motion to bifurcate is a fair and impartial trial to all litigants." *Beauchamp*, 547 F. Supp. at 1199. If the jury determines that Defendants are liable to Plaintiff, then Plaintiff can present all proper and admissible evidence on her claimed damages; to permit her to present this evidence before there has been a determination of liability could invite an improper verdict.

Finally, the Court need not consider how and whether punitive damages should be considered here. While Plaintiff has made a claim for punitive damages, "[m]ere negligence, even gross negligence, will not support an award of punitive damages," and "[i]nstead, aggravating or outrageous circumstances such as spite, malice, or evil or fraudulent motive on the defendant's behalf must be present to warrant punitive damages." *Battle v. Thomas*, 623 F. Supp. 3d 1312, 1318 (N.D. Ga. 2022) (internal quotation marks and alternations omitted, quoting *Harris v. Leader*, 231 Ga.App. 709, 499 S.E.2d 374, 378 (1998), and *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 365 S.E.2d 827, 832 (1988)). As this Court held in dismissing Plaintiff's intentional infliction of emotional distress claim, however, "Defendants' conduct was at worst careless." (Opinion, docket 39, at 19.)

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors

concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their addresses and occupations and as to the occupation of any spouse. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

The parties jointly request a 30-minute break at the conclusion of juror questioning to review notes prior to striking the jury.

11.

<u>State any objections to Plaintiff's voir dire questions</u>. Defendants object to Plaintiff's proposed voir dire questions (Attachment B-1) as follows:

2. object to reference to insurance companies

7. object on the basis that Marriott is not a Defendant and neither owns nor operates the hotel

13. object on the basis of relevance

14. object on the basis of relevance

18-20. object to the inclusion of the word "insurance" in these question

21-22. object on the basis of relevance

26. object on the basis that Marriott International, Inc. is not a Defendant and neither owns nor operates the hotel

31-32. object on the basis of relevance

36. object in that the question is biased towards Plaintiff's case

37. object in that the question is biased towards Plaintiff's case

45. object on the basis of relevance (as Plaintiff was arrested and handcuffed at the police station, not the hotel)

46. object in that the question is biased towards Plaintiff's case

47. object in that the question is biased towards Plaintiff's case

State any objections to Defendants' voir dire questions. Plaintiff objects to Defendants' proposed voir dire questions (Attachment B-1) as follows:

16. Object to the word "genuine." The question is prefaced with a purported understanding that the case is based on a genuine dispute. The plaintiff's claim for

litigation expenses includes an assertion that the defendants are acting in "bad faith" because the dispute is not genuine.

35. Object to paraphrasing jury instructions as an argument, not a question.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. §1870. See Fed.R.Civ.P. 47(b).

Plaintiff consents to empaneling (8) jurors with challenges for cause heard after the questioning of jurors as set forth in the *Instructions for Cases Assigned to the Honorable Eleanor L. Ross* (Doc. 7, p. 10). Defendant requests a jury of 12 jurors. The parties request that at least one (1) additional juror should be selected to serve as an alternate.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

There is no pending related litigation.

14.

Attached hereto as Attachment "C" is Plaintiff's outline of the case which includes a succinct factual summary of Plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by Plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, Plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is Defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

1. Whether Defendants willfully and knowingly gave a false report of a crime to a law enforcement officer or agency?

2. If Defendants willfully and knowingly gave a false report of a crime to a law enforcement officer or agency, did this proximately cause the harm or damage Plaintiff alleges?

3. Whether Plaintiff's own negligence proximately caused or contributed to her arrest or the harm or damage Plaintiff alleges?

4. If Plaintiff was contributorily negligent, what is the apportionment of fault among Plaintiff and Defendants?

5. The amount of any damages Plaintiff is entitled to recover from Defendants?

6. Whether either party is entitled to attorney's fees and litigation expenses, and, if so, in what amount?

8. Whether Plaintiff is entitled to punitive damages, and, if so, in what amount?

18.

Attached hereto as Attachment "F-1" for Plaintiff and Attachment "F-2" for Defendants is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Federal Rule of Evidence 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert,

impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment “G-1” for Plaintiff and “G-2” for Defendants are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party’s exhibit list.

Each party’s exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numeral subparts. Adequate space must be left on the left margin of each party’s exhibit list for court stamping purposes. A courtesy copy of each party’s list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff’s exhibits, numbered blue stickers to Defendants’ exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers of that party’s exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition.

The parties may introduce the deposition testimony of any unavailable witness.

Plaintiff anticipates introducing the following deposition testimony of unavailable witnesses:

Serena Alderson: 15:20-38:24, 39:10-39:24, 41:23-42:6, 42:14-44:21, 45:17-52:7, 52:14-56:6, 57:5-65:24, 67:2-104:14, 116:3-119:6, 124:1-125:24, 128:10-135:5, 136:5-138:8, 140:14-149:5

Timothy Bouley: 8:15-9:19, 10:17-11:16, 12:3-13:17, 14:7-15:15, 16:3-17:6, 17:23-21:21, 22:6-24:16, 25:1-26:18, 27:19-31:22, 32:6-36:21, 38:1-41:15, 42:8-42:21, 43:3-45:13, 45:25-46:7, 46:19-47:12, 49:1-49:9, 50:22-51:6

Pamela Daniels: 6:11-6:19, 7:2-7:23, 8:16-17:19, 18:1-20:18, 21:11-23:13, 23:24-25:11, 27:17-28:9, 29:15-30:23, 31:14-31:17, 32:1-33:12, 33:23-36:20, 37:6-43:13, 44:1-45:7, 45:14-50:16, 52:3-65:17, 70:5-70:25

Tinequa Holcombe: 5:15-5:22, 7:22-9:2, 10:24-14:13, 15:1-28:3, 28:16-31:20, 33:13-33:19, 34:13-35:8, 38:20-38:22, 39:4-39:6, 39:20-40:16, 41:5-41:11, 42:15-57:18, 61:3-61:5, 62:2-68:12, 69:1-69:12, 70:2-72:5, 72:19-76:8, 77:4-78:10, 80:1-82:14, 83:16-89:6, 90:20-105:11, 107:1-108:25

Casandra L. Lawton: 9:11-15:7, 15:14-21:3, 22:10-23:25, 24:6-26:8, 26:17-66:20, 67:4-91:4, 92:1-95:16, 98:3-98:5, 98:10-102:24, 106:5-108:3, 108:23-119:3, 120:1-122:13, 122:22-127:22

Tiffani Mihalich: 8:7-8:11, 12:5-12:24, 14:8-16:18, 17:6-17:15, 18:12-19:11, 20:5-21:23, 22:8-22:18, 23:11-27:4, 27:15-29:13, 30:1-31:9, 32:14-34:2, 35:23-38:1, 38:10-49:1, 49:20-51:3, 51:10-58:4, 58:15-64:1, 64:12-69:23, 70:15-73:3, 73:9-82:4, 82:11-84:1, 84:13-87:25, 88:9-92:24, 93:6-96:14, 97:8-98:3, 98:14-99:7, 100:7-104:1, 104:18-105:21, 106:4-118:19, 118:24-121:1

Plaintiff reserves the right to take evidentiary depositions of any witnesses for use at trial and designate portions of deposition testimony that may be introduced.

Defendants anticipate introducing deposition testimony of unavailable witnesses and otherwise as set forth on Exhibit J hereto. Defendants reserve the

right to take evidentiary depositions of any witnesses for use at trial and designate portions of deposition testimony that may be introduced.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matters, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments “H-1” for the plaintiff and “H-2” for the defendants are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case

is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1 will not be considered. In addition, each party should attach to the requests a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the Court.

24.

Unless otherwise authorized by the Court, arguments in all jury cases shall

be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein:

25.

The case is designated for trial to a jury, so counsel will not submit proposed findings of fact or conclusions of law.

26.

Pursuant to LR 16.3 and 16.4(B)(26), counsel and persons possessing settlement authority to bind the parties met by telephone conference on August 12, 2026 to discuss in good faith the possibility of a settlement of this case. The parties are discussing the prospects of mediation in September 2026. The court has not discussed settlement of this case with counsel. It appears at this time that there is some possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that she will require five (5) days to present her evidence. The defendants estimate that they will require two (2) days to present

their evidence. It is estimated that the total trial time is eight (8) days.

29.

**IT IS HEREBY ORDERED** that the above constitutes the pretrial order of the above-captioned case ( X ) submitted by stipulation of the parties or (__) approved by the Court after conference with the parties.

**IT IS FURTHER ORDERED** that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

**IT IS SO ORDERED** this ____ day of ______________, 2026.

______________________________
ELEANOR L. ROSS
United States District Judge
Northern District of Georgia

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

/s/ *James W. Howard*
James W. Howard
Attorney for Plaintiff
The Howard Law Firm, P.C.

/s/ *George M. Vinci, Jr.*
George M. Vinci, Jr.
Attorney for Defendants
Spector Gadon Rosen Vinci P.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing *Pretrial Order* with the Clerk of Court for filing and uploading to the CM/ECF system which will automatically send e-mail notification of such filing to the appropriate parties and opposing counsel of record, including:

Neal R. Troum, Esq.
George M. Vinci, Jr., Esq.
Spector Gadon Rosen Vinci P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
ntroum@sgrvlaw.com
gvinci@sgrvlaw.com

Samuel S. Woodhouse, Esq.
The Woodhouse Law Firm, LLC
260 Peachtree Street, NW, Suite 1402
Atlanta, GA 30303-1237
swoodhouse@woodhouselawfirm.com

This 13th day of August, 2026.

/s/ James W. Howard
James W. Howard
Georgia Bar No. 370925
Attorney for Plaintiff

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080
(770) 270-5033 (fax)
jhoward@howardfirm.com